FILED
FEB - 5 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SUHAD RAPHAEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 1:17-cv-1046 (LMB/IDD) |
| WAL-MART STORES EAST, LP, | ) ) ) |
| Defendant. | ) ) |

## STIPULATED FED. R. CIV. P. 26(c) PROTECTIVE ORDER

To expedite the exchange of Discovery Material in this litigation, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material entitled to be kept confidential, pursuant to this Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the Parties, it is hereby

**ORDERED:**

1. Definitions.

(a) "Parties" shall mean Plaintiff Suhad Raphael and Defendant Wal-Mart Stores East, LP ("Walmart") and all officers, directors and principals acting on behalf of Walmart.

(b) "Discovery Material" shall mean all documents, things, and information that is or are produced or generated in disclosures or responses to discovery in this litigation. Discovery Material includes any material produced, filed, or served by any Party or other person during discovery in this litigation and any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or other person (whether produced pursuant to Fed.R.Civ.P. 34, subpoena, or otherwise), and responses to requests for admission.

(c) "'Confidential' Discovery Material" shall mean information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this litigation that the Designating Party believes in good faith contains trade secrets or other confidential commercial information, within the meaning of Rule 26 of the Federal Rules of Civil Procedure, or personal information not generally disclosed to the public by such Designating Party, including Personal Health Information ("PHI"). As of the date of filing of this Stipulated Protective Order, the Parties do not anticipate that there will be a significant volume of Discovery Material labeled Confidential.

(d) "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party in this Action.

(e) "Producing Party" shall mean a Party or other person producing Discovery Material in this Action.

(f) "Designating Party" shall mean a Party or other person that designates Discovery Material as "Confidential."

2. <u>Designating Confidential Discovery Material</u>. The Producing Party shall designate Discovery Material as Confidential by stamping, marking, or otherwise identifying such documents or material "Confidential" in a manner so as not to obliterate or obscure the substantive content of such documents and other material when reproduced. The designation of information as "Confidential" constitutes a representation by the Designating Party and such Party's counsel that such document, material, or information has been reviewed and that the Designating Party and its counsel have a good faith basis for the designation. To the extent a Party wishes or is required to file Confidential Discovery Material with the Court, the Party shall file pursuant to Local Rule 5, Requests to File Documents Under Seal and the Handling of Documents Under Seal. Counsel

seeking to file a document or other material under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests.

3. <u>Disclosure of Confidential Discovery Material.</u> The Confidential Discovery Material or any content or substance thereof, shall not be given, shown, or otherwise communicated to any person or entity, except the parties' counsel, regular employees of the parties' counsel, experts, or consultants retained by counsel for a Party, Plaintiff for himself, and such non-attorney representatives for Defendant as counsel for Defendant consider to be reasonably necessary for their evaluation and defense of this action. All persons being given or shown Confidential Discovery Material must first agree in writing to be bound by the terms of this Protective Order.

4. <u>Use of Confidential Discovery Material.</u> The Confidential Discovery Material shall not be used for any purpose other than in the litigation of this case.

5. <u>Confidential Discovery Material in Deposition or Written Discovery.</u> If any deponent is presented with or testifies about Confidential Discovery Material, that portion of the deponent's testimony shall be marked "Confidential" and treated in according to the terms of this Protective Order. Additionally, any Confidential Discovery Material included in written answers to discovery of any kind, the portions of such answers or responses that contain the Confidential Discovery Material shall be marked "Confidential."

6. <u>Challenge to Confidential Discovery Material.</u> If counsel for any Party, in good faith, disputes the designation of any document, information or materials as Confidential, he shall notify the Producing Party's counsel in writing. The Producing Party shall then seasonably apply to the Court for a determination that the document, information or material is protected.

Until a final determination by the Court, any disputed document, information or material will be treated as Confidential pursuant to this Protective Order.

7. <u>Confidential Designation not Admission of Confidentiality.</u> The designation of Discovery Material as Confidential by a Party is intended solely to facilitate compliance with discovery in this action. Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by any party that the designated information constitutes or contains Confidential Discovery Material.

8. <u>Inadvertent Failure to Designate.</u> Inadvertent failure to designate Discovery Material as Confidential shall not constitute a waiver of any claim by a Party that such Discovery Material is Confidential. If a Party inadvertently produces or provides discovery of Confidential Discovery Material without labeling or marking it with the appropriate legend or properly designating it as provided herein, the Producing Party may give written notice to the Receiving Party that the documents, material or information should be treated in accordance with the provisions of this Stipulation and Protective Order. The Receiving Party must treat such documents, material or information as designated from the date such notice is received. Disclosure of such documents, material or information prior to receipt of such notice, to a person not authorized to receive such hereunder, shall not be deemed a violation of this Stipulation and Protective Order. However, those persons to whom disclosure was made are to be advised that the information must thereafter be treated in accordance with this Stipulation and Protective Order.

9. <u>Use of Confidential Discovery Material as Evidence.</u> Confidential Discovery Material may be introduced into evidence, if otherwise admissible, provided that the party seeking to introduce such evidence redacts such portion of the Confidential documents (e.g.

patient names, social security numbers or other personal identifiers) as is unnecessary to the relevance of the information for the purposes for which it is sought to be introduced.

10. <u>Maintenance of Confidential Discovery Material</u>. Confidential documents shall be maintained by the parties at all times in a secure and confidential fashion, protected against any reasonably anticipated threats or hazards to the security or integrity of the information they contain.

11. <u>Termination</u>. Within 90 days after the final conclusion of the above-captioned case by fully-executed non-litigation settlement agreement, filed stipulation for dismissal with prejudice, or final judgment (i.e., a judgment as to which the time for appeal has run), the Parties shall either return or destroy all Confidential Discovery Material (in all forms and including all copies), per the instructions of opposing counsel. Counsel shall provide written confirmation to opposing counsel that all documents have been destroyed and/or returned and counsel has made a good faith effort to confirm that all copies have likewise been destroyed or returned.

12. <u>Violation of Order</u>. The violation by any person, firm, corporation or entity, or his/its/their counsel, of any provision of this Protective Order, may constitute contempt and subject that person, firm, corporation, entity or his/its/their counsel to sanctions under the appropriate rules for this Court, and such other relief as the Court deems just and proper. Counsel for the Parties shall immediately notify counsel for the producing party of Confidential Discovery Material that are subject to this Order if counsel or any party becomes aware of any violation of the terms of this Order.

13. <u>Survival of Order</u>. The terms of this Order shall survive any final disposition of this Action.

14. <u>No Waiver of Rights under Rules of Discovery</u>.   This Order shall not preclude the Parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

Entered this 5th day of Feb, 2018

                                                          /s/
                                           Ivan D. Davis
                                    United States Magistrate Judge

SEEN AND AGREED TO BY:

/s/ John M. Murdock
John M. Murdock (VSB #26647)
POTTER & MURDOCK, P.C.
400 S. Maple Ave., Suite 210
Falls Church, VA 22046
Tel: (703) 992-6950
Fax: (703) 852-7324
Email: jmurdock@pottermurdock.com
*Counsel for Defendant*

/s/ Wali Raheen
Wali Raheen (VSB # 77219)
Harrison D. St. Germain (VSB #84487)
RAHEEN LAW GROUP, PC
4229 Lafayette Center Dr., Suite 1300
Chantilly, VA 20151
Phone: 703-544-0050
Fax: 703-574-8099
Email: raheen@raheenlaw.com
Email: stgermain@raheenlaw.com
*Counsel for Plaintiff*