**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **SUHAD RAPHAEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No.: 1:17-cv-01046-LMB-IDD** |
| | ) | |
| **WAL-MART STORES EAST, LP** | ) | |
| **d/b/a WAL-MART STORE #2015** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Defendant Wal-Mart Stores East, LP d/b/a Wal-Mart Store #2015's ("Defendant" or "Wal-Mart") submits the following jury instructions for the Court's consideration at trial in this matter:

**INSTRUCTION NO. D-**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Suhad Raphael. The party being sued is called the defendant. In this action the defendant is Wal-Mart Stores East, LP.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until

you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The trial lawyers are not allowed to speak with you during the case. When you see them at a recess or pass them in the hall and they do not speak to you, they are not being rude or unfriendly, they are simply following the law.

_____

O'Malley, F., *et. al*., Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 101.01 (modified).

**INSTRUCTION NO. D-**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

---

O'Malley, F., *et. al*., Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 101.10 (modified).

**INSTRUCTION NO. D-**

The evidence in the case will consist of the following:

(1) The sworn testimony of the witnesses, no matter who called a witness.

(2) All exhibits received in evidence, regardless of who may have produced the exhibits.

(3) All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose. You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You may

draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

---

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 101.40.

**INSTRUCTION NO. D-**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

---

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 101.43.

**INSTRUCTION NO. D-**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

_____

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 101.44.

**INSTRUCTION NO. D-**

You must not base your verdict in any way upon sympathy, bias, guesswork or

speculation. Your verdict must be based solely upon the evidence and instructions of the court.

---

Va. Model Jury Instructions (Civil) - Instruction No. 2.220.

**INSTRUCTION NO. D-**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

---

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 101.45.

**INSTRUCTION NO. D-**

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

_____

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 103.33.

**INSTRUCTION NO. D-**

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

_____
O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 104.05.

**INSTRUCTION NO. D-**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

---

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 104.20.

**INSTRUCTION NO. D-**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

---

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 105.01.

**INSTRUCTION NO. D-**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 105.04.

### INSTRUCTION NO. D-

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

---

Va. Model Jury Instructions (Civil) – Instruction No. 2.170

**INSTRUCTION NO. D-**

Your verdict must be based on the facts as you find them and on the law contained in these instructions.

Plaintiff has asserted a claim for negligence. As to that claim, the issues in this case are:

(1) Was the defendant negligent?

(2) If it was negligent, was its negligence a proximate cause of the accident?

On these issues the plaintiff has the burden of proof.

(3) Was the plaintiff negligent?

(4) If plaintiff was negligent, was her negligence a proximate cause of the accident?

On these issues the defendant has the burden of proof.

(5) If the plaintiff is entitled to recover, what is the amount of her damages?

On this issue the plaintiff has the burden of proof

_____

Your decision on these issues should be governed by the instructions that follow.

_____

Va. Model Jury Instructions (Civil) – Instruction No. 3.000.

**INSTRUCTION NO. D-**

You should find your verdict for the plaintiff if it has proved by the greater weight of the evidence that:

(1) the defendant was negligent; and that

(2) the defendant's negligence was a proximate cause of the plaintiff's damages.


You shall find your verdict for the defendant if:

(1) the plaintiff failed to prove either or both of the two elements above; or if

(2) you find by the greater weight of the evidence that the plaintiff was contributorily negligent and that her contributory negligence was a proximate cause of the accident; or

(3) you find by the greater weight of the evidence that the plaintiff assumed the risk of injury and that assumption of the risk was a proximate cause of the accident.

_____
Va. Model Jury Instructions (Civil) – Instruction No. 3.050.

**INSTRUCTION NO. D-**

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive. The testimony of one witness whom you believe can be the greater weight of the evidence.

---

Va. Model Jury Instructions (Civil) – Instruction No. 3.100.

**INSTRUCTION NO. D-**

Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case.

_____
Va. Model Jury Instructions (Civil) – Instruction No. 4.000.

**INSTRUCTION NO. D-**

The plaintiff has the burden of proving by the greater weight of the evidence that the defendant was negligent and that the defendant's negligence was a proximate cause of the accident and any of the injuries to the plaintiff.

_____
Va. Model Jury Instructions (Civil) – Instruction No. 4.010

## INSTRUCTION NO. D-

The fact that there was an accident and that the plaintiff was injured does not, of itself, entitle the plaintiff to recover.

---

Va. Model Jury Instructions (Civil) – Instruction No. 4.015.

**INSTRUCTION NO. D-**

Contributory negligence is the failure to act as a reasonable person would have acted for his own safety under the circumstances of this case.

_____

Va. Model Jury Instructions (Civil) – Instruction No. 6.000.

**INSTRUCTION NO. D-**

When the defendant claims contributory negligence as a defense, it has the burden of proving by the greater weight of the evidence that the plaintiff was negligent and that her negligence was a proximate cause of the plaintiff's injuries. Contributory negligence may be shown by the defendant's evidence or by the plaintiff's evidence.

_____

Va. Model Jury Instructions (Civil) – Instruction No. 6.040.

**INSTRUCTION NO. D-**

If you find by the greater weight of the evidence that both the plaintiff and the defendant were negligent and that their negligence proximately contributed to the accident, you may not compare the negligence of the parties. Any negligence of the plaintiff which was a proximate cause of the accident will bar the plaintiff from recovering.

_____

Va. Model Jury Instructions (Civil) – Instruction No. 6.050.

**INSTRUCTION NO. D-**

A proximate cause of an accident, injury, or damage is a cause which in natural and continuous sequence produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

_____
Va. Model Jury Instructions (Civil) – Instruction No. 2.180.

**INSTRUCTION NO. D-**

The amount sued for is not evidence in this case; you should not consider it as evidence

in arriving at your verdict.

_____

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 106.02

**INSTRUCTION NO. D-**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in this case in accordance with the other instructions.

---

O'Malley, F., *et al.*, Federal Jury Practice and Instructions (5th ed. 2000) – Instruction No. 106.02

**INSTRUCTION NO. D**
-

The burden is on the plaintiff to prove by the greater weight of the evidence each item of damage she claims to prove that each item was caused by defendant's actions. It is not required to prove the exact amount of her damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If plaintiff fails to do so, then she cannot recover for that item.

_____

Va. Model Jury Instructions (Civil) – Instruction No. 9.010.

**INSTRUCTION NO. D-**

If you find by the greater weight of the evidence that the plaintiff fully understood the nature and extent of a known danger, and if he voluntarily exposed himself to it, he assumed the risk of injuring himself from that danger. The plaintiff cannot recover for injuries that proximately resulted from assuming the risk of a known danger.

_____

Va. Model Jury Instructions (Civil) – Instruction No. 6.100.

**INSTRUCTION NO. D-**

Where the defendant claims assumption of the risk as a defense, it has the burden of proving by the greater weight of the evidence that the plaintiff fully appreciated the nature and the extent of a known danger; that the plaintiff voluntarily exposed herself to it; and that the plaintiff was injured as a result of the danger assumed. Assumption of the risk may be shown by the defendant's evidence or by the plaintiff's evidence.

---

Va. Model Jury Instructions (Civil) – Instruction No. 6.110.

**INSTRUCTION NO. D-**


An invitee is one who visits premises lawfully at the express or implied invitation of the occupant. She is one who visits other than for a social purpose or for his own convenience.

An express invitation is one made directly or indirectly by spoken or written words to come on the premises.

An implied invitation is one made by opening the premises to others for a particular purpose.

_____
Va. Model Jury Instructions (Civil) – Instruction No. 23.020

**INSTRUCTION NO. D-**

An occupant of premises, Wal-Mart in this case, does not guarantee an invitee's safety, but has the duty:

(1) to use ordinary care to have the premises in a reasonably safe condition for an invitee's use consistent with the invitation unless the invitee knows, or should have known, of the unsafe condition; and

(2) to use ordinary care to warn an invitee of any unsafe condition about which the occupant knows, or by the use of ordinary care should know, unless the unsafe condition is open and obvious to a person using ordinary care for his own safety.

If an occupant fails to perform either or both of these duties, then it is negligent.

_____
Va. Model Jury Instructions (Civil) – Instruction 23.040

**INSTRUCTION NO. D-**

The plaintiff was contributorily negligent if she failed to see that which she could have seen in the exercise of ordinary reasonable care. Where a reasonable person is aware of inclement weather, she should be on the look out for wet floor space at or near a business entrance where other patrons would likely deposit water.

_____

*Town of Hillsville v. Nester*, 215 Va. 4, 5 (1974); *B Logan v. Boddie-Noell Enters.*, No. 4:11-cv-00008, 2012 U.S. Dist. LEXIS 5345, at *30 (W.D. Va. Jan. 18, 2012); *Newcomb v. Food Lion*, No. 95-3044, 1996 U.S. App. LEXIS 20349, at *5-6 (4th Cir. Aug. 20, 1996).

**INSTRUCTION NO. D-**

The plaintiff is charged with seeing what she could have seen had she looked where she was going.

_____

*Rocky Mount Shopping Center & Assoc. v. Steagall*, 235 Va. 636,369 S.E.2d 193 (1988).

**INSTRUCTION NO. D-**

If you find that the condition was an open and obvious condition, and thus should have been avoided by the plaintiff exercising reasonable care for her own safety, then the plaintiff is guilty of contributory negligence.

_____

*Gottlieb v. Andrus*, 200 VA. 114, 104 S.E.2d 743 (1958).

**INSTRUCTION NO. D-**

An open and obvious condition is one that could have been seen by the plaintiff had she

been looking.

_____

See *Cameron v. K-Mart Coro.*, 2010 U.S. Dist. LEXIS 76224 at *8 (W.D.Va. July 28, 2010) (citing *Hudson v. Kroger Co.*, 2007 U.S. Dist. LEXIS 51941 at *3 (W.D.Va. July 18, 2007)).

**INSTRUCTION NO. D-**

A plaintiff who slips and falls as a result of an open and obvious condition is guilty of contributory negligence. This is true even when the plaintiff did not see the open and obvious condition.

---

*Freeman v. Case Com.,* 118 F.3d 1011, 1014 (4th Cir. 1997); *Cameron v. K-Mart Com.,* 2010 U.S. Dist. LEXIS 76224 at *7 (W.D.Va. July 28, 2010) (citing *Rocky Mount Shopping Ctr. Assoc. v. Steagall,* 235 Va. 636 (1988)).

Dated:  March 26, 2018             Respectfully submitted,

                                         _/s/ John M. Murdock_____
                                         John M. Murdock (VSB # 26647)
                                         POTTER & MURDOCK, P.C.
                                         400 S. Maple Ave., Suite 210
                                         Falls Church, Virginia  22046
                                         Tel:  (703) 992-6950
                                         Fax:  (703) 832-0211
                                         Email:  jmurdock@pottermurdock.com

                                         *Counsel for Defendant Wal-Mart Stores*
                                         *East, LP d/b/a Wal-Mart Store #2015*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March 2018, a copy of the foregoing was served on the following via the Court's ECF system:

Wali Raheen
Raheen Law Group, P.C.
4229 Lafayette Center Dr., Suite 1300
Chantilly, VA 20151
Email:  raheen@raheenlaw.com
*Counsel for Plaintiff*

                                         _/s/ John M. Murdock_
                                         John M. Murdock